IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS,                             ) | |
| ) | |
| Plaintiff,                                ) | |
| ) | |
| v.                                        ) | CIVIL ACTION NO. 3:06CV1112-MEF |
| ) | (WO) |
| STATE OF ALABAMA ATTORNEY                 ) | |
| GENERAL'S OFFICE, et al.,                 ) | |
| ) | |
| Defendants.                               ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1] It appears from the "Complaint and Motion to Appeal" filed by plaintiff in this action (Doc. # 1) that plaintiff seeks to appeal a judgment entered against him by the Circuit Court for Chambers County, Alabama in Case No. 05-77.[2] See Complaint, p. 1 ("COMES, NOW THE PLAINTIFF WITH THIS COMPLAINT AND MOTION TO APPEAL THE ABOVE CASE [Case No.

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2] If the court has misunderstood the allegations of plaintiff's complaint, plaintiff may so indicate by objection to this recommendation.

CV 05-077] BECAUSE OF ALL THE ILLEGAL METHODS USED IN THE DENYING OF MY CONSTITUTIONAL RIGHTS MAKES THIS A DIRECT APPEAL, TO THE UNITED STATES DISTRICT COURT."); id., p. 7 (seeking judgment including "A TOTAL REVERSAL ON ALL OF THE KANGAROO COURT ORDERS, INJUNCTIVE RELIEF, OR RESTRAINT[S] THAT HAVE BEEN PLACED AGAINST THE PLAINTIFF")..

Under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to entertain a lawsuit brought by the losing party in a state court action seeking to overturn the judgment entered by the state court. The proper route of appeal for a party injured by a state court judgment is through the state appellate courts to the "highest court of a State in which a decision could be had" and, from that court, to the United States Supreme Court. See Exxon-Mobil Corporation v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); 28 U.S.C. § 1257.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice for lack of jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before January 4, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 20th day of December, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE