IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06CV1112-MEF |
| ) | (WO) |
| STATE OF ALABAMA ATTORNEY ) | |
| GENERAL'S OFFICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **O R D E R**

In a recommendation entered on December 20, 2006 (Doc. # 4), the Magistrate Judge recommended dismissal of plaintiff's complaint for lack of jurisdiction, pursuant to the *Rooker-Feldman* doctrine, because it appeared that plaintiff seeks to appeal a decision of the Chambers County Circuit Court in Case no. 05-77. In the recommendation, the court invited the plaintiff to correct the court if it had misunderstood the allegations of the complaint. (Doc. # 4 at n.2). In an objection filed on January 3, 2007 (Doc. # 5, styled "Motion to Replace the Magistrate Judge") plaintiff states that the court did misunderstand his allegations. However, he contends that "every citizen has the right to appeal any local court decision direct to the United States District Court if this involves a guaranteed right covered in the Constitution of the United States" and that it is not reasonable to expect him to appeal through the state court system because all of the defendants work for the state. He further argues that "[i]f this court cannot see the judgment errors made by the defendants in this manifested form of injustice, described as a kangaroo court, then there is no need for this

court to exist." (Id.).[1]  Plaintiff's objection to the recommendation makes clear that plaintiff does indeed seek to overturn the judgment of the Chambers County Circuit Court in Case No. 05-77.  Thus, under the *Rooker-Feldman* doctrine, this court lacks jurisdiction over plaintiff's claim.

In a "motion to clarify defendants and address" filed on January 8, 2007 (Doc. # 6), plaintiff indicates that he did not intend to sue the Chambers County Circuit Clerk's office.  Instead, he seeks to sue Chambers County, but listed the Clerk's Office so that the Clerk could "place this in the right hands," since plaintiff does not know the attorney for the county.  Plaintiff sues Chambers County "as one of the defendants that created this illegal form of kangaroo court against [him]." (Id., p. 1).[2]  In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the Supreme Court found the district court to lack jurisdiction despite the fact that plaintiff added two defendants who were not parties to the state court action.[3]  Whether plaintiff sues the Chambers County Circuit Clerk's office or Chambers County, it remains

---

[1] See also Complaint and Motion to Appeal (Doc. # 1) at p. 1 ("COMES, NOW THE PLAINTIFF WITH THIS COMPLAINT AND MOTION TO APPEAL THE ABOVE CASE [Case No. CV 05-077] BECAUSE OF ALL THE ILLEGAL METHODS USED IN THE DENYING OF MY CONSTITUTIONAL RIGHTS MAKES THIS A DIRECT APPEAL, TO THE UNITED STATES DISTRICT COURT."); id., p. 7 (seeking judgment including "A TOTAL REVERSAL ON ALL OF THE KANGAROO COURT ORDERS, INJUNCTIVE RELIEF, OR RESTRAINT[S] THAT HAVE BEEN PLACED AGAINST THE PLAINTIFF").

[2] As a matter of law, Chambers County did not create and does not control the "kangaroo court" which rendered the judgment plaintiff now seeks to reverse.  Administration of the circuit courts is a function of the state.  See, *e.g.,* Ala. Code §§ 12-11-1, 12-11-2, 12-17-1, *et seq.*

[3] In Rooker, as in the present case, the plaintiff contended that the district court could entertain the case because the state court judgment was rendered in contravention of the plaintiff's federal constitutional rights.  263 U.S. at 150.

evident that plaintiff is a "state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon-Mobil Corporation v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

Upon an independent evaluation and *de novo* review of this matter, and after considering the objections of the plaintiff, the court finds the objections to be without merit, and they are hereby overruled. It is ORDERED that:

(1) plaintiff's Motion to Replace the Magistrate Judge (Doc. # 5) is DENIED;

(2) plaintiff's Motion to Clarify Defendants and Address (Doc. # 6) is GRANTED to the extent that plaintiff seeks to clarify that his complaint is brought against Chambers County; and

(3) the court adopts the Recommendation of the Magistrate Judge. A separate judgment will be entered dismissing plaintiff's claims for lack of jurisdiction.

DONE this the 16th day of January, 2007.

                                              /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE